GARY A. FUSERO, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fusero v. Commissioner
Docket No. 24427-83.
United States Tax Court
T.C. Memo 1983-784; 1983 Tax Ct. Memo LEXIS 6; 47 T.C.M. (CCH) 788; T.C.M. (RIA) 83784; December 28, 1983. Gary A. Fusero, pro se. Mark E. Rizik, for the respondent. GILBERT MEMORANDUM FINDINGS OF FACT AND OPINION GILBERT, Special Trial Judge: This case was assigned pursuant to the provisions of section 7456(c) and (d) [1] and Delegation Order No. 8 (81 T.C. VII) (July 1983), for consideration and ruling on respondent's motion to dismiss for failure to state a claim upon which relief can be granted, filed October 17, 1983, pursuant to Rule 40, Tax Court Rules of Practice and Procedure.[2]
Respondent determined a deficiency in petitioner's Federal income tax for the year 1981 in the amount of $4,637. The sole issue for determination *7 is whether the petition in this case contains allegations of error and supporting facts, as required by Rule 34. Petitioner was a resident of Flint, Michigan, at the time his petition was filed. On his Federal income tax return for 1981, petitioner reported wages in the amount of $22,401.73 on line 7 of Form 1040. On line 23 of the return, however, he claimed a deduction for "nontaxable receipts" in that same amount.Respondent issued a statutory notice of deficiency, dated May 20, 1983, determining that petitioner was liable for the deficiency. In reaching that determination, the only adjustment made by respondent was the disallowance of petitioner's deduction for so-called nontaxable receipts. Petitioner filed a petition with this Court on August 22, 1983, in which he alleged the following assignments of error: (1) That respondent erroneously and wrongfully included in gross income the $22,401.73 originally deducted as nontaxable receipts, and (2) That respondent erroneously and wrongfully implied that petitioner is a "tax protester." Respondent thereafter filed the motion to dismiss, on October 17, 1983, contending that the petition fails to state a claim upon which *8 relief can be granted. The petition in a deficiency action must contain: "Clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency * * *." Rule 34(b)(4). Any issues that are not raised in the assignments of error are deemed conceded. Rule 34(b)(4).The petition must also contain: "Clear and concise lettered statements of the facts on which petitioner bases the assignments of error, except with respect to those assignments of error as to which the burden of proof is on the Commissioner." Rule 34(b)(5). This Court may dismiss any case when the petition fails to include allegations of justiciable error and specific facts in support of such error. Rule 123(b); Fleck v. Commissioner,T.C. Memo. 1980-281. Petitioner does not deny that he received wages in the amount of $22,401.73 during the year 1981. Instead, he argues that the $22,401.73 deducted as nontaxable receipts on his income tax return represented gross receipts for "lost property/labor." It is his contention that labor is property and that, since the wages received for his labor reflect only a return *9 of lost property, those wages are not includable in gross income, adjusted gross income, or taxable income. Petitioner concludes that, since wages for labor are only a return of lost property, there is no need to analyze further the receipts earned from that labor. This Court has considered and rejected the arguments advanced by petitioner in numerous prior cases. See Rice v. Commissioner,T.C. Memo. 1982-129 and cases cited therein. Although the wages received by petitioner may represent no more than the time-value of his labor, they do represent taxable income under the Internal Revenue Code. Rowlee v. Commissioner,80 T.C. 1111 (1983), on appeal (2d Cir. Sept. 13, 1983). Further, deductions are a matter of legislative grace and may be taken only when specifically allowed by Congress. No law has been passed by Congress that would grant petitioner a deduction for the wages earned by him during 1981. Petitioner bears the burden of proving that respondent's determination in this case is incorrect. Rule 142(a); Welch v. Helvering,290 U.S. 111 (1933). After carefully reviewing the record, we find that the petition fails to *10 allege any justiciable error with respect to respondent's determination of the deficiency. We also find that the petition fails to contain any allegation of specific facts that would support any such error. The absence of specific allegations of justiciable error and supporting facts permits this Court to grant respondent's motion. Rule 123(b). Accordingly, on the basis of the record, respondent's motion to dismiss will be granted. An appropriate order will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. All rule references are to the Tax Court Rules of Practice and Procedure.↩